IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00281-CV

 

Flying Diamond-West Madisonville 

Limited Partnership, Sol Levine, and 

Mardan Energy Corporation,

                                                                                    Appellants

 v.

 

GW Petroleum, Inc., Great Western 

Onshore,Inc., Forcenergy Onshore, Inc., 

Cascade Energy Corporation, Faulconer 

1996 LLC, Gulfwest Oil Company, and 

Gulfwest Oil & Gas Company,

                                                                                    Appellees

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 6354

 



ABATEMENT ORDER FOR MEDIATION










 

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

        After full briefing on the merits, we
ordered this proceeding to mediation.  It was unsuccessful.  The Court has now
issued its opinion but has not yet ruled on a Motion for Rehearing filed by G.W.
Petroleum.   We find that this proceeding, in its current procedural posture,
is again appropriate for mediation.  See id. § 154.021(a) (Vernon
2005); 10th Tex. App. (Waco) Loc.
R. 9.  Accordingly, we order the parties to participate in mediation again.  

        The Court again assigns Deborah Hankinson
as the mediator.  Her address and phone number are as follows:

                        750
N. St. Paul 

                        Suite 1800

                        Dallas, TX  75201

                        (214)
754-9190

 

        Mediation must occur within thirty days
after the date of this order.

        No less than seven calendar days before
the first scheduled mediation session, each party must provide the mediator and
all other parties with an information sheet setting forth the party’s positions
about the issues that need to be resolved.  At or before the first session, all
parties must produce all information necessary for the mediator to understand
the issues presented.  The mediator may require any party to supplement the
information required by this Order.

        Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

        Immediately after mediation, the mediator
must advise this Court, in writing, only that the cases did or did not settle,
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and each party must
pay a proportionate share of the agreed-upon fee directly to the mediator.

        Failure or refusal to attend the mediation
as scheduled and to actively participate therein may result in the imposition
of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate this proceeding for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed October 7, 2009

Appeal
abated for mediation

Do
not publish